UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
SEP 20 2017
PATRICK KEANEY
Clerk, U.S. District Court
By_____
Deputy Clerk

(1). KENNETH TITSWORTH )
)
)
)
)
)
         Plaintiffs, )
) Case No. CIV 17-350-KEW
v. )
)
)
)
)
(2). TREVOR HODGE MD, )
(3). PATRIC ANDERSON MD )  Jury Trial Demanded
(4). SPARKS HEALTH SYSTEM an )  Attorney's Lien Claimed
Arkansas Corporation, )
(5). SPARKS REGIONAL )
MEDICAL CENTER )
 an Arkansas Corporation )
)
)
)
         Defendants. )

## ORIGINAL COMPLAINT

COMES NOW the Plaintiff, Kenneth Titsworth, by and through his attorney, Steven Hightower, and for his claims for relief against Defendants Trevor Hodge MD, Patric Anderson MD, Sparks Health System, Sparks Medical Center, state and allege as follows:

### JURISDICTION AND VENUE

1. This is an action for medical negligence resulting in permanent, debilitating injury to Kenneth Titsworth (hereinafter "Titsworth").

2. Plaintiff, Kenneth Titsworth is resident of Spiro, Oklahoma.

3. At all times material hereto, Trevor Hodge MD, Patric Anderson MD, Sparks Health System, Sparks Medical Center, offered and provided medical care and treatment to patients in Ft. Smith Arkansas, Sebastian County.

4. Sparks Health System, (hereinafter "SHS") is an Arkansas corporation located in Ft. Smith, Arkansas that owns, controls and/or manages Defendant Sparks Regional Medical Center, and physician practices and other aspects of the medical services delivered to patients in Sparks Health System.

5. Sparks Regional Medical Center (Hereinafter "Sparks") is an Arkansas corporation and is a hospital and medical facility located in Ft. Smith, Arkansas that represented itself to be competently staffed to provide safe and capable medical services including diagnosis and treatment to patients in need of medical care.

6. At all times material hereto, Trevor Hodge, M.D. was a medical doctor employed by SHS and Sparks practicing in Sebastian County, Ft. Smith Arkansas who held himself out to the public and to the Plaintiff as a qualified and capable Physician licensed to deliver safe and competent medical care to patients.

7. At all times material hereto, Patric Anderson, M.D. was a medical doctor employed by SHS and Sparks practicing in Sebastian County, Ft. Smith Arkansas who held himself out to the public and to the Plaintiff as a qualified and capable Physician licensed to deliver safe and competent medical care to patients.

8. All acts complained of herein occurred in the City of Ft. Smith, Sebastian County State of Arkansas.

9. The matters in controversy raised in this complaint exceed $75,000.00 and jurisdiction lies with this Court pursuant to 28 U.S.C§ 1332. This action is not related to any previously filed case in this Court.

10. As required by Okla. Stat. tit.12, §19.1, Plaintiff has consulted with a qualified expert who has rendered an opinion that Plaintiff's' claims are meritorious and that Defendants have committed professional negligence, and committed breaches in the standard of care in their treatment of Kenneth A. Titsworth. See Affidavit of Steven Hightower attached hereto as Exhibit "A."

## OPERATIVE FACTS

11. Plaintiffs hereby incorporates paragraphs 1-10 as though fully set forth herein.

12. On or about September 14, 2015 Titsworth reported to Dr. Trevor Hodge presenting with a sore on his right foot with swelling and redness. Upon inspection Dr. Hodge directed Titsworth to Sparks where he was admitted to the hospital on September 14, 2015 and was diagnosed with a diabetic ulcer on his right foot.

13. While hospitalized at Sparks Dr. Jason Seiter assumed care of Titsworth and decided that surgery was necessary and embarked on a course of treatment at Sparks. Titsworth underwent three (3) surgeries performed by Dr. Seiter. Titsworth and was discharged from the hospital on September 28, 2015 with instruction for close follow up with Dr. Seiter.

14. On October 5, 2015 Titsworth began a series of follow up visits with Dr. Seiter for wound care treatment. Dr. Seiter treated Titsworth's wound for over 4 months with only marginal surface improvement. Titsworth's wound re-ulcerated, increased in size, and developed cellulitis and acinetobacter during the time of Dr. Seiter's wound care treatment.

15. At some point after January 15, 2016 Dr. Seiter referred Titsworth to a wound care specialists Dr. Quyen Ha. Dr. Ha began treating Titsworth and placed him in a contact cast to ease pressure on his right foot.

16. On or about February 26, 2016 Titsworth while under wound care treatment from Dr. Seiter and Dr. Ha and while wearing a prescribed contact cast, fell in his home, and injured his back. Titsworth began having sharp pain in his back and he first reported his pain to Dr. Hodge in an office visit beginning March 14, 2016 and then again on March 20, 2016. Dr. Hodge ordered x-rays and x-rays revealed nothing for Dr. Hodge.

17. Titsworth's pain in his back did not resolve and only continued to worsen, and he reported back to Dr. Hodge on April 4, 2016. Dr. Hodge represented to Titsworth that he would request and set up a MRI. Titsworth was told that his insurance would not pay for a MRI. Dr. Hodge prescribed medication and directed him to attend physical therapy. Physical therapy did not help or alleviate Titsworth's pain and it continued to worsen.

18. April 15, 2016 Titsworth again reported to Dr. Hodge with worsening pain and was again was told that a MRI would be requested and set up. Dr. Hodge told Titsworth that his insurance company would not allow MRI testing

or that they had not received word from the insurance company. X-rays were taken again by Dr. Hodge and x-rays revealed nothing new for Dr. Hodge.

19. On or about April 25, 2016 Titsworth reported to Sparks emergency room in a wheel chair giving a history of back pain and reporting his February 2016 fall. Titsworth was seen and treated by Patric Anderson MD and other unknown Sparks emergency room physicians and discharged with no definitive diagnosis or course treatment for his complaints.

20. On or about May 5, 2016 Titsworth followed up with phone calls to Dr. Hodge and spoke with his nurses and specifically asked if there was any word on his MRI and asked that he be called back concerning his MRI. On May 6, 2016 with worsening pain, Titsworth reported to Sparks emergency room again and received a MRI, it was determined he had osteomyelitis T2-T3 with posterior epidural abscess with canal stenosis. Titsworth was emergency transferred to Washington Regional Hospital for assessment.

21. On May 6, 2016 Titsworth arrived at Washington Regional Medical Center via stretcher by emergency transport and was immediately assessed and it was decided to have him emergency transported St. Francis Hospital in Tulsa, Oklahoma. At St. Francis Hospital Titsworth was assessed as he presented with diskitis/osteomyelitis/epidural abscess at T2-T3 with high grade stenosis of the thecal sac. Tistworth was evaluated by surgeon Dr. Marouk who confirmed epidural access. Dr. Marouk determined emergency surgery was necessary and placed Titsworth for surgery.

22. May 7, 2016 fifteen (15) hours after diagnosis Titsworth had emergency surgery an OPERATION PERFORMED: A T2, T3 and T4 decompressive thoracic laminectomy, Excision of epidural phlegom compressing the spinal cord and inflammatory tissue surrounding spinal cord. POST op note – The patient is awake alert paraplegia bilaterally. Mr. Titsworth is now a paraplegic from the waist down. Titsworth now a paraplegic will now need a long-term care for the foreseeable future.

## FIRST CLAIM FOR RELIEF
### Negligence
### (All Defendants)

23. Plaintiff hereby incorporates paragraphs 1-22 as though fully set forth herein.

24. The injury and damage sustained by Titsworth is as a direct and proximate result of the negligence, careless disregard and recklessness of the Defendants. The conduct when viewed in its totality and compared with reasonably accepted standards must be characterized as unacceptably deficient. These acts and omissions complained of herein include, but are not limited to, the following:

   a. Defendant Hodge embarked upon a method and course of treatment which he knew or should have known would have life-altering consequences for Titsworth.

   b. Defendant Hodge failed to timely and properly diagnose, monitor and treat Titsworth which resulted in permanent injury resulting in paralysis.

c. Defendant Hodge misdiagnosed and/or neglected to diagnose Titsworth's condition and failed to undertake basic and necessary measures to prevent his injury.

d. Defendant Anderson misdiagnosed and/or neglected to diagnose Titsworth's condition and failed to undertake basic and necessary measures to prevent his injury.

e. Defendant Anderson embarked upon a method and course of treatment which he knew or should have known would have life-altering consequences for Titsworth.

f. Defendants SHS and Sparks failed to have necessary guidelines in place to ensure employees rendered proper medical care to patients in accord with professional physician standards.

g. Each Defendant failed to protect Titsworth and thereby disregarded the patient's safety for which they were solely responsible.

25. As a direct and proximate result of the negligence, careless disregard and recklessness of the Defendants, Titsworth has suffered devastating and permanent physical injury and damages in the form of medical expenses incurred, future expenses expected to be incurred to provide necessary care and maintenance for Titsworth, mental anguish, physical pain and economic loss, all in excess of Seventy-five Thousand and No/100 Dollars ($75,000.00) and Plaintiff further seeks an award of punitive or exemplary damages against Defendants in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00).

## SECOND CLAIM FOR RELIEF

### Corporate Negligence, Respondeat Superior, Ostensible Agency
### Sparks Health System and Sparks Regional Medical Center

26. Plaintiffs hereby incorporate paragraphs 1-25 as though fully set forth herein.

27. The permanent injuries Titsworth suffered and the permanent mental and physical suffering occurred as a direct result of the negligence, carelessness, and recklessness of Defendants SHS and Sparks. Plaintiff was unsuspecting that Defendants SHS and Sparks would permit and encouraged inattentive, careless, flippant doctors to provide patient care within its walls and organizational structure. The conduct when viewed in its totality and compared with reasonably accepted standards must be characterized as unacceptably deficient and grossly negligent. The acts and omissions complained of herein include, but are not limited to, the following:

   a. Upon information and belief, Dr. Hodge was the treating physician in this case and was not suited for privileges despite Defendants Sparks and SHS's representations to the public and to the Plaintiff that they were competent to medically treat a medical patient such as Plaintiff and patients who present to its facility.

   b. Upon information and belief, Dr. Anderson was the attending emergency room physician in this case and was not suited for privileges despite Defendants Sparks and SHS's representations to the public and to the Plaintiff

that they were competent to medically treat a medical patient such as Plaintiff and patients who presented to its facility.

c. Defendants SHS and Sparks permitted and encouraged an environment of offering reckless and dangerous medical practices and services to patients.

d. Defendants SHS and Sparks failed to adequately monitor, instruct, and/or implement policies, protocols and systems which would facilitate proper and timely diagnosis and treatment of Titsworth's condition.

e. Defendants SHS and Sparks breached their non-delegable duty to properly credential Dr. Hodge and Dr. Anderson to whom they granted active privileges when they knew or should have known that they lacked proper training, and/or were incompetent to perform baseline medical care.

f. Defendants SHS and Sparks breached their duty by failing to take reasonable steps to ensure their patient's safety when they knew or should have known that their physicians named herein were performing at substandard levels and were incapable of medically caring for Titsworth.

g. Defendants SHS and Sparks permitted and encouraged substandard medical services and treatment without adequate consideration for the patient's medical condition and history.

28. As a direct and proximate result of the negligence, careless disregard and recklessness of the Defendants SHS and Sparks, Tistworth has suffered devastating and permanent physical injury and suffered damages in the form of medical expenses incurred and expected to be incurred to provide necessary care

and maintenance for Titsworth throughout his life, along with physical pain and mental anguish and economic loss, and other damages all in excess of Seventy-five Thousand and No/100 Dollars ($75,000.00) and Plaintiffs further seek an award of punitive or exemplary damages against Defendants in excess of Seventy-five Thousand and No/100 Dollars ($75,000.00) and to apprise the public at large that society does not condone hospital and corporate acts which perpetuate injury to patients by inadequately supervising its employees.

### THIRD CLAIM FOR RELIEF
### Deceit
### (Dr. Trevor Hodge)

29.   Plaintiff incorporates paragraphs 1 through 28 as though fully set forth herein.

30.   Defendant Hodge knowingly made numerous false and/or misleading statements and/or factual omissions to Plaintiff while rendering medical care. Those false statements and misrepresentations include, but are not limited to:

a.   Stating that steps were taken to acquire or obtain a MRI for the benefit of Plaintiff when no such steps were taken;

b.   Failure to document representations and communications with Plaintiff's Insurance Company.

31.   Defendant Hodge falsified or omitted the truth when documenting Titsworth medical records thereby breaching his duty to the patient to maintain the integrity, accuracy, truth and reliability of his medical records.

10

32. Defendant Hodge's deliberate or reckless falsification of Titsworth's medical records was done flippantly to protect his own interest forsaking the safety of his patient, which acts jeopardized the life and health of Titisworth and therefore, constituted gross negligence.

33. As a direct result of Defendants' deceit, Titsworth was deprived of necessary medical care and treatment. As a further result of this deceit, Titsworth has suffered permanent injury, of body and mind, and Plaintiff has incurred expenses for medical care and therapy and is entitled to damages in the form of medical expenses, permanent physical injury impairment, physical and mental pain and suffering all in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00). Plaintiff further seeks an award of punitive or exemplary damages against Defendants in excess of Seventy-Five Thousand and No/100 Dollars (($75,000.00) to deter Defendants from committing such recklessness and gross negligence in the future and to apprise the public at large that society does not condone such actions or omissions to act.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Kenneth Titsworth prays for judgment against Defendants in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00) jointly and severally as follows:

A. For judgment on his First Claim for Relief and for an award of compensatory damages in an amount in excess of Seventy-five Thousand and No/100 Dollars ($75,000.00) and exemplary or punitive damages against

Defendants Trevor Hodge MD, Patric Anderson MD, SHS, and Sparks in an amount in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00) to deter the Defendant from committing such recklessness and gross negligence in the future, and to apprise the public at large that society does not condone such actions or omissions to act.

    B.    For judgment on their Second Claim for Relief and for an award of compensatory damages in an amount in excess of Seventy-five Thousand and No/100 Dollars ($75,000.00) and exemplary or punitive damages against Defendants Sparks Health System, and Sparks Regional Medical Center in an amount in excess of Seventy-five Thousand and No/100 Dollars ($75,000.00) to deter the Defendants from committing such recklessness and gross negligence in the future, and to apprise the public at large that society does not condone such actions or omissions to act.

    C.    For judgment on their Third Claim for Relief and for an award of compensatory damages in an amount in excess of Seventy-five Thousand and No/100 Dollars ($75,000.00) and exemplary or punitive damages against Trevor Hodge MD, in an amount in excess of Seventy-five Thousand and No/100 Dollars ($75,000.00) to deter the Defendant from committing such recklessness and gross negligence in the future, and to apprise the public at large that society does not condone such actions or omissions to act.

    D.    For the costs of this action, interest as provided by law and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
Steven Hightower OBA 16437
PO BOX 14031
Tulsa, Oklahoma 74159
918.583.5113
918.583.5114 fax
ATTORNEY FOR PLAINTIFF